UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL LUIS THOMAS, SR., :
: 
      Petitioner :
: NO. 3:CV-05-032
-vs- :
: (Judge Kosik)
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, :
DEPARTMENT OF CORRECTIONS :
PENNSYLVANIA STATE ATTORNEY :
GENERAL, :
:
      Respondents :

## **MEMORANDUM**

Before the court are petitioner's objections to the April 14, 2006 Report and Recommendation of United States Magistrate Judge Malachy E. Mannion. For the reasons which follow, we will dismiss the objections and we will adopt the Magistrate Judge's recommendation that the petition be denied.

### Background

The petitioner, Angel Luis Thomas, Sr., was convicted by jury of rape, aggravated assault, reckless endangerment, and unlawful restraint. He was sentenced to a term of imprisonment of twelve and one-half to twenty-seven years. The petitioner's minimum release date was July 11, 2003, and his maximum release date is January 11, 2018. He is currently confined at the State Correctional Institution at Huntingdon, Pennsylvania. On May 5, 2003, and August 25, 2004, the respondent Board of Probation and Parole denied parole to the petitioner.

The petitioner "avers that he did not seek review [of the parole denials] in the state courts as any attempt to do so would have been futile and that there is an absence of available state corrective process and circumstances exist that render such process

ineffective to protect his rights." He further contends that "[a]ny appeal to the state's highest court is 'FUTILE.'" The petitioner petitioned this court for writ of habeas corpus on January 6, 2005. On February 4, 2005, the respondents responded to the petition and on February 28, 2005, the petitioner filed his traverse.

In his petition, the petitioner raises two allegations of the respondents denying him parole in violation of the *ex post facto* clause of the United States Constitution. Citing *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2003), the petitioner argues that the Board unconstitutionally applied the 1996 amendments to Pennsylvania's parole statute, 51 Pa.C.S. §331.1, to deny him parole, which effectively lengthened his sentence because he was imprisoned prior to 1996. He further argues that Board unconstitutionally applied the statutory provision, 42 Pa.C.S. §9718.1, requiring incarcerated sex offenders to participate in counseling to be eligible for parole, to deny him parole, which effectively lengthened his sentence because he was imprisoned prior to the provision's enactment. In their response, the respondents argued that the court should deny the petition because the petitioner failed to exhaust state remedies and to state a claim of a constitutional deprivation warranting a writ of habeas corpus.

On April 14, 2006, the Magistrate Judge issued a Report and Recommendation in which he recommended that the petition be denied. In his report, the Magistrate Judge thoroughly discusses the issue of exhaustion and petitioner's arguments as to why he failed to exhaust. On May 3, 2006, the petitioner filed objections to the Report and Recommendation. In his objections, petitioner again argues that exhaustion is futile and is not in the best interest of justice. In addition, he asserts that "the issue of exhaustion has merely been used as a distraction to delude and undermine the merits."

Discussion

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); *see* *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound judgment, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

In his Report and Recommendation, the Magistrate Judge discusses exhaustion and its futility exception. The Magistrate Judge goes on to discuss the exhaustion requirement in an *ex post facto* challenge to the denial of parole. The Magistrate Judge correctly refers to *Parker v. Kelchner*, 429 F.3d 58 (3d Cir. 2005), wherein the court determined that a petitioner must raise an *ex post facto* challenge to the denial of parole by petitioning the state court for a writ of mandamus. As the court pointed out, "[t]he Pennsylvania Supreme Court's willingness to repeatedly revisit [the petitioner's *ex post facto* challenge to the denial of parole] demonstrates the unsettled and evolving nature of its jurisprudence on this point, and in light of the progression of that Court's decision on this issue, we cannot agree that the outcome of Parker's claim in state court was a foregone conclusion." Thus, state court remedies are available to raise and *ex post facto* claim such that exhaustion should not be excused.

As the Magistrate Judge states, petitioner admits that he failed to exhaust state remedies. However, the petitioner must fairly present his claims in the state courts and give them an opportunity to rule on them before he can seek relief in federal court. Accordingly, we will adopt the Report and Recommendation

of the Magistrate Judge in its entirety and we will deny the instant petition for writ of habeas corpus.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL LUIS THOMAS, SR., :
:
    Petitioner :
: NO. 3:CV-05-032
    -vs- :
: (Judge Kosik)
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, :
DEPARTMENT OF CORRECTIONS :
PENNSYLVANIA STATE ATTORNEY :
GENERAL, :
:
    Respondents :

# **ORDER**

AND NOW, this 30th day of May, 2006, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated April 14, 2006 (Document 19) is **ADOPTED**;

2. The petition for writ of habeas corpus is **DENIED**:

3. The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge; and,

4. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

                                                              s/Edwin M. Kosik
                                              United States District Judge